**Essa Russell, Appellee, v. O'Gara Coal Company, Appellant.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 28, 1914.

### Statement of the Case.

Action by Essa Russell against O'Gara Coal Company to recover for the death of her husband, Thomas Russell, resulting from the fall of the roof of defendant's mine.

The declaration consists of three statutory counts, the first charging a demand for props from the mine manager and a failure to furnish suitable props. The

second count charges a custom and practice adopted in mines and known and recognized by defendant, whereby the diggers would order props, caps and timbers from the timberman, and that plaintiff's deceased so ordered but that defendant wilfully failed to provide them. The third count charges a dangerous condition in the room where plaintiff's deceased was required in the exercise of his duties to be, consisting of loose slate, rock and other substances forming a part of the roof of said room, and that defendant knew of this dangerous condition or could have known thereof; that defendant allowed Thomas Russell to enter said room and to work therein without the direction of the mine manager before the said dangerous condition had been made safe; that in each of said counts it is alleged by reason thereof Thomas Russell was injured from which injuries he died, and that plaintiff as his surviving widow has been damaged, etc. To each of the counts the general issue was filed, upon which a trial followed, and a verdict of the jury returned finding defendant guilty and assessing plaintiff's damages at two thousand dollars. From a judgment entered on the verdict, defendant appeals.

M. S. Whitley, for appellant.

Ronalds & Dodd and Choisser & Kane, for appellee.

Mr. Justice Harris delivered the opinion of the court.

### Abstract of the Decision.

1. Mines and minerals, § 89*—*duty to furnish sufficient props.* The fact that the miner has unused props will not relieve the mining company of the duty to furnish props of suitable length.

2. Mines and minerals, § 89*—*effect of ordering props before they are needed.* The fact that a miner orders props before they are

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

needed, *held* not to relieve a mining company from liability to furnish them.

3. MINES AND MINERALS, § 89*—*right of miner to continue work after demand for props.* The fact that a miner, with knowledge of the dangerous condition of the roof of the mine, continued to work two days after props were ordered from the timberman, does not charge him with contributory negligence or with assuming the risk, where there was a custom for the timberman to receive orders for props, and he was charged with knowledge of the dangerous condition of the mine and permitted the miner to work without the direction of the mine manager.

4. MINES AND MINERALS, § 90*—*when company bound by custom of timberman to furnish props.* Where a mining company has adopted and recognized a custom whereby a miner orders props, caps and timbers from the timberman and has the timberman measure and determine the length of suitable props, it is bound by such custom and the timberman becomes a vice-principal, and his knowledge and neglect of duty is that of the company.

5. MINES AND MINERALS, § 187*—*when instruction not misleading.* In an action against a coal mining company for the death of a miner alleged to have resulted from the failure of defendant to provide props, caps and timbers, an instruction given for plaintiff which undertook to set out what was necessary to prove under a count in the declaration, *held* not misleading, for the reason that the declaration referred to caps and timbers while the evidence was with reference to props, there being undisputed evidence that props, caps and timbers are inseparable.